## CIRCUIT COURT OF THE CITY OF NORFOLK

Cecilia Honig

    v.

Obstetrical and Gynecological
Associates of Tidewater, Inc.,
d/b/a The Group for Women

April 4, 2014

Case No. (Civil) CL13-5248

By Judge John R. Doyle, III

This matter comes before the Court on Defendant's Motion To Disqualify Plaintiff's Counsel.

The facts are contained in the attached Stipulation of Facts, supplemented by Plaintiff's exhibit, which was a letter demonstrating Ms. Oast's continuing representation of the original Defendants after the nonsuit. Additionally, Mr. Emmert, two days ago, supplied a revised "hotline ethical opinion."

The Court makes the following findings. Ms. Oast did not have the authority to consent to Mr. Lewis' representing the Plaintiff, given that her former associate, Mr. Favaloro, was then a member of Mr. Lewis' firm. The plain language of Rules 1.7, 1.9, and 1.10 require that "the client consent after consultation." Thus, the Court finds that this is a decision that only the client can make. Lewis relied upon the mistaken belief that Ms. Oast did have authority to consent when he thereafter joined Mr. Petty as co-counsel for the Plaintiff. Mr. Favaloro never provided any information to Mr. Lewis protected by Rules 1.6 and 1.9(c). Mr. Favaloro left Mr. Lewis' firm in January of 2014.

If the current situation fell under Rule 1.10(a) (Mr. Lewis and Mr. Favaloro were currently associated in a firm), the Motion To Disqualify would be well taken. But the current situation is governed by Rule 1.10(b). Under this Rule, Mr. Lewis now is not prohibited from representing the Plaintiff.

In making this ruling, the Court is not finding that Mr. Lewis committed an ethical violation while Mr. Favaloro was associated with Mr. Lewis' firm. That determination is not before the Court and seemingly would depend upon the effect of Mr. Lewis' inquiry of Ms. Oast and his reliance upon her apparent authority to acquiesce on behalf of her client.

The Court is dealing only with the present situation. Mr. Lewis and Mr. Favaloro are not associated in a firm, and, given the stipulation that Mr. Favaloro shared no information whatsoever about the case with Mr. Lewis, there is no apparent prejudice to the Defendant from Mr. Lewis' continuing representation of the Plaintiff.

The Court therefore denies the Defendant's Motion To Disqualify Messrs. Lewis and Petty.

## Stipulations

Come now the parties, by counsel, and hereby agree to the following stipulations of fact to be used by the Court in considering the Defendant's Motion To Disqualify Counsel for the Plaintiff.

1. Mark Favaloro was employed by Oast Law Firm during the pendency of the initial Honig lawsuit. As such, he deposed several witnesses including Mr. and Mrs. Honig.

2. Mark Favaloro left Oast Law Firm and joined Shapiro, Lewis, and Appleton as an associate attorney in February of 2012.

3. The initial Honig lawsuit was nonsuited by Order of the Court dated January 15, 2013.

4. During the pendency of the nonsuit, Mrs. Honig consented to the association of Shapiro, Lewis, and Appleton, specifically, James Lewis as co-counsel for her case.

5. Prior to becoming involved in Mrs. Honig's representation, Mr. Lewis called Carolyn Oast to determine whether there would be any objection to his association in the case.

6. Ms. Oast confirmed with Mr. Lewis by telephone that there would be no objection to his appearance in the case so long as Mark Favaloro was screened from any involvement, communications, or otherwise regarding the case.

7. Oast and Lewis had previously reached a similar agreement and arrangement in another malpractice case on which Mark Favaloro had worked while employed by Oast Law Firm.

8. Oast never requested or obtained the consent of Drs. Puritz or Wentworth regarding Lewis' inquiry.

9. Oast never told Lewis that she had not obtained the consent of Drs. Puritz and Wentworth.

10. The agreement between Oast and Lewis was never confirmed in writing.

11. At all times during the pendency of the Honig case with Shapiro, Lewis, and Appleton, screens were maintained such that Favaloro had absolutely no involvement with the matter whatsoever.

12. Favaloro and Jonathan Petty never discussed the Honig case after Favaloro left Oast Law Firm.

13. The Honig suit was re-filed on July 1, 2013, with Jonathan Petty and James Lewis as co-counsel of record for the Plaintiff.

14. An ánswer was filed on behalf of the Defendants on August 5, 2013, by Herbert and Satterwhite, P.C.

15. No new discussion regarding the waiver of an alleged conflict issue was had between counsel for the Plaintiff and Satterwhite.

16. Mark Favaloro left Shapiro, Lewis, Appleton, and Favaloro on January 2, 2014.

17. Upon learning of the potential conflict, Kimberly Satterwhite consulted Dr. Puritz and Dr. Wentworth. Dr. Puritz and Dr. Wentworth advised that they did not and do not consent to waive the conflict.